## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions, <br><br> Plaintiffs, <br><br> v. <br><br> OWENS EXCAVATING, LLC and ROSE OWEN, <br><br> Defendant. | Civil Action No. 2:23-cv-544 |

## COMPLAINT

1. Jurisdiction of this action arises under § 502 and § 515 of the Employee Retirement Income Security Act of 1974, as amended (**"ERISA"**), 29 U.S.C. § 1132 and § 1145, and Sections 404(b) and 406 of ERISA, 29 U.S.C. § 1104(b), § 1106 and § 1109, 28 U.S.C. § 1331, and also under § 301 of the Labor-Management Relations Act of 1947 (**"LMRA"**), 29 U.S.C. § 185, in that Defendant Owens Excavating, LLC (hereinafter, **"Owens Excavating"** or **"Defendant Contractor"**) has failed to pay wage deductions and fringe benefit contributions to Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter **"the Funds"** or **"Plaintiff Funds"**), in violation of a certain collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and its affiliated local unions (hereinafter "**Laborers' Union**"), as well as relevant provisions of several trust agreements incorporated therein.

2. Plaintiff Funds are a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140. Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds. Paul V. Scabilloni is an employee trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. Plaintiff Laborers' Union, on its own behalf, and on behalf of its local affiliated unions and the Construction Industry Advancement Program of Western Pennsylvania Fund, have designated the Funds as its agent for the collection of monies required to be paid by employers to the Laborers District Council Industry Fund (**"Industry Fund"**) and Dues Deduction Fund (**"Dues Fund"**).

5. Defendant Contractor is engaged in the business of operating a construction company, with its principal place of business at 1622 Roosevelt Rd., Pittsburgh, PA 15237.

6. Owens Excavating has agreed to abide by a labor agreement (**"Agreement"**) with the Laborers' Union, pursuant to which Owens Excavating was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry, and monthly health insurance premiums for the benefit of employees covered under such Agreement.

7. The aforementioned Agreement and the provisions of ERISA require Owens Excavating to pay interest and late charges/liquidated damages if it fails to timely file such reports and/or make such payments.

## COUNT I

### Laborers' Combined Funds of Western Pennsylvania, et al.
### v.
### Owens Excavating, LLC

### ERISA Collection Action

8. The averments contained in paragraphs one (1) through seven (7) are hereby incorporated by reference herein.

9. In violation of such Agreement, Owens Excavating has failed to make timely payments of principal contributions and wage deductions to the Funds from December 1, 2021 to August 31, 2022, which has resulted in an estimated principal deficiency of $8,971.36. In addition, interest through March 28, 2023, as well as late charges/liquidated damages are due to the Funds. Interest has accrued, and will continue to accrue, after December 1, 2021 at the rate of 1.25% per month.

10. The Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case. If it is determined that Defendant Contractor owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

11. The Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

12. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also obligated to pay the Funds' reasonable attorneys' fees of twenty percent (20%) of the total

delinquency, but not less than one thousand dollars ($1,000.00). Such fees and expenses total $4,042.61 through March 28, 2023. The Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to the Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

13. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

14. The Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Owens Excavating is ordered to specifically perform under the federal statutes, as well as the Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against Defendant Contractor:

a. a preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets;

b. for Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations through the present;

c. for Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present, in order to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff Funds;

    d.    for a money judgment in favor of Plaintiff Funds and against Defendant Contractor in the sum of $20,213.07, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); plus attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit;

    e.    for the Court to retain jurisdiction of the case pending compliance with its orders; and

    f.    for such other and further relief as the Court may deem just.

## COUNT II

### Laborers' Combined Funds of Western Pennsylvania, et al.
### v.
### Rose Owen

### ERISA Breach of Fiduciary Duty Action

15. The averments contained in paragraphs one (1) through fourteen (14) are hereby incorporated by reference herein.

16. At all times material hereto, Defendant Rose Owen (hereinafter, "Ms. Owen") served as the corporate principal of Owens Excavating, Inc. at 1622 Roosevelt Rd., Pittsburgh, PA 15237.

17. At all times material, Ms. Owen was responsible for overseeing the collection of all monies payable to Defendant Contractor resulting from the work performed by the laborers employed under the Agreement.

18. At all times material, Ms. Owen was also responsible for overseeing the submission of monthly remittance reports and fringe benefit contributions to the Funds.

19. At all times material, Ms. Owen also had check signing authority and the right to make decisions as to what obligations and/or payments of Owens Excavating were to be paid and which ones were not to be paid.

20. At the time such fringe benefit contributions became due and payable by Owens Excavating to the Plaintiff Funds, such monies became assets of the Funds.

21. At all times material, Ms. Owen was aware of the obligations of Owens Excavating to timely pay fringe benefits to the Funds.

22. At all times material, Ms. Owen was aware that Owens Excavating failed to timely pay all required fringe benefits to the Funds.

23. Nevertheless, Ms. Owen prioritized payment of corporate expenses that personally benefitted her over payment to the Funds.

24. Based upon the foregoing, Ms. Owen constitutes a "fiduciary" under ERISA.

25. Based upon the foregoing, Ms. Owen violated her duty of loyalty to the beneficiaries of the Funds.

26. Based upon the foregoing, Ms. Owen also breached her fiduciary duties to the Funds, by failing to cause Owens Excavating to pay to the Funds such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, liquidated damages/late charges, attorneys' fees and legal costs owed by Owens Excavating to the Funds.

27. The estimated principal contributions owed to the Funds through August 31, 2022 total $8,971.36.  In addition, interest from December 1, 2021 through March 28, 2023 of $6,586.24 is also due, as well as late charges/liquidated damages of $4,655.47.  Interest has accrued, and will continue to accrue, after December 1, 2021 at the rate of 1.25% per month.

28. The Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case.  If it is determined that the Defendant

Contractor owes additional principal contributions to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

29. The Funds have demanded from Ms. Owen payment of all such amounts due, but she has neglected and continues to neglect to pay such amounts.

30. Pursuant to ERISA, Owens Excavating and Ms. Owen are also obligated to pay Plaintiff Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency or $1,000.00, whichever is greater. Such fees and expenses total $4,042.61 through March 3, 2023. Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to the Funds until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Rose Owen in the amount of $20,213.07, plus interest from December 1, 2021 at a monthly rate of 1.25%, plus legal costs, plus additional charges and fees.

## COUNT III

### Laborers' Combined Funds of Western Pennsylvania, et al.
### v.
### Rose Owen

### State Common Law Conversion Action

31. The averments contained in Paragraphs one (1) through thirty (30) of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

32. Pursuant to the Agreement, Ms. Owen caused Owens Excavating to withhold monies from its employees' wages for monthly union dues, health insurance premiums and legislative expenses that were required to be remitted to the Plaintiff Funds.

33. In violation of such Agreement, Owens Excavating failed to remit such wage deductions for monthly union dues, health insurance premiums and legislative expenses to the Plaintiff Funds.

34. At all times relevant to this action, Ms. Owen had the authority and the responsibility to remit such employee wage withholdings to the Funds.

35. Ms. Owen exercised dominion and control over the estimated employee wage withholdings of at least $631.39, and authorized and/or permitted such monies to be used to pay other obligations of Owens Excavating and/or Ms. Owen's personal debts.

36. Based upon the foregoing, Ms. Owen intentionally converted such monies that were rightfully due and payable to the Funds.

37. The Funds are also entitled to receive interest from December 1, 2021, through March 28, 2023, of $102.60, from Ms. Owen, on such late payments, plus additional interest from December 1, 2021 at 1.25% per month.

38. The Funds are also entitled to receive late charges/liquidated damages of $63.14 from Ms. Owen on such late payments.

39. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case. If it is determined that Owens Excavating owes additional principal deductions to the Funds, interest will be assessed on such principal

amounts at one and one-quarter percent (1.25%) per month. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendant Rose Owen in the amount of $797.13, plus additional interest from March 28, 2023 and costs of suit.

Date:  3/29/2023

Respectfully submitted,

GOEHRING RUTTER & BOEHM

By:   s/David L. Scherer
    Jessica L. Crown, Esquire
    Pa. I.D. #205765
    David L. Scherer, Esquire
    Pa. I.D. #325160
    525 William Penn Place
    Suite 3110
    Pittsburgh, PA  15219
    Telephone:   (412) 281-0587
    Facsimile:    (412) 281-2971

*(Counsel for Plaintiff)*